Bradley, J.
The plaintiff recovered a judgment in March, 1885. The judgment was affirmed on defendant’s appeal to the general term and judgment of affirmance entered in July, 1886. This motion by the defendant was made in January following for a new trial on the ground of newly discovered evidence.
Objection was made to the consideration of the motion on the merits, because more than one year had elapsed since the entry of the judgment, and because the judgment had been affirmed on appeal by the general term. The court, upon the authority of Fisher v Corwin (35 Hun, 253), denied the motion without passing on the merits. The papers on which such motion was made are not before us, nor are we advised of any of the circumstances or facts upon which the motion was founded or sought to be used in support of it.
The question of power of the court at special term to entertain the motion and consider it on the merits is not here, because the motion does not appear to have been denied for want of power, but simply that in view of the rule declared in Fisher v. Corwin the court denied the motion without consideration of the merits. The case cited states a general rule which in practice should be applied to motions of that character, and it is a salutary one in its general application. But that decision was not placed upon the ground of want of power, nor was it held that no case could arise in which the power should be exercised after such time. We assume that there was nothing in this case to take it out of the general rule of practice declared in Fisher v. Corwin, and that it was so treated by the court at special term. And there is nothing in the papers here which enables us to see anything to the contrary, or that the motion is one in which the ordinary practice in such cases should be departed from, after the proceedings for review have been had and the lapse of time which appears to have followed the trial and entry of judgment before the motion was made. If the denial of the motion had been placed upon the ground of want of power to consider the merits with a view to its determination, a different question may have been presented on the papers. But we are now asked to direct the consideration of the motion on the merits without the aid of any information which will justify such conclusion. Ordinarily when the special term declines to pass upon the merits of a motion properly made there, the general term on review will reverse the order and remit the motion to the special term for further consideration, but the case in view of the decision in Fisher v. Corwin is not within that rule, because presumptively the moving party in such case has the burthen of showing that *638 his case, for reasons appearing, comes within the exception to the practice as there announced, befpre he can have consideration for his motion on the merits. We are not advised of anything which takes the case out of the rule as declared in the case cited.
The order should be affirmed.
Smith, P. J., and Haight, J., concur.